# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2025

Lyle W. Cayce
Clerk

No. 24-51015
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Melvin Alberto-Velasquez,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-1708-1

———————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Melvin Alberto-Velasquez appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing, for the first time on appeal, that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and the Government has filed an

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

unopposed motion for summary affirmance or, alternatively, for an extension of time in which to file a brief.

The parties are correct that Alberto-Velasquez's argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Accordingly, the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time is DENIED, and the judgment of the district court is AFFIRMED.